UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OBADELE RODNEY BARNES,

                             Plaintiff,

                                                                    Case # 11-CV-6403-FPG

v.

                                                                      DECISION AND ORDER

TIFFANY HERTEL, et al.,

                             Defendants.
_____

      Plaintiff Obadele Rodney Barnes is suing several law enforcement officers, alleging that they filed a false complaint against him that resulted in the revocation of his parole. Defendants have moved to dismiss the Complaint, arguing that Plaintiff's case is barred under Supreme Court precedent, which requires the Plaintiff to prove that his parole revocation was reversed before he can commence suit. Because Plaintiff's parole revocation has not been reversed, this action cannot proceed.

## BACKGROUND

      Plaintiff's Complaint alleges that while he was on parole, he was arrested on April 28, 2010 based upon hearsay and false accusations which he attributes to the Defendants. Plaintiff alleges that his improper arrest resulted in his parole being revoked, which caused him to serve one year in jail. Dkt. #1. There is no dispute that Plaintiff's parole was indeed revoked for a year, and Plaintiff attaches numerous documents, including multiple copies of the same document, to his Complaint to illustrate this fact. *Id.*

      Prior to filing an answer, Defendants moved to dismiss the Complaint, arguing that because Plaintiff's parole revocation decision has never been invalidated, his claims are

precluded by well-established Supreme Court precedent. Dkt. #4. The Plaintiff has responded to the Motion. Dkt. #7.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, Plaintiff's pleadings are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court announced what many have referred to as the "favorable termination" rule. That rule provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statue tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Where, as here, a Plaintiff seeks damages under Title 28, United States Code, Section 1983, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added).

Plaintiff's claims center around his belief that he was falsely accused and arrested, and that those actions resulted in his parole being revoked. In the Parole Revocation Decision Notice from the New York State Division of Parole that is attached to the Complaint, it states that on August 12, 2010, Administrative Law Judge ("ALJ") Judith Cummins revoked Plaintiff's parole for a period of twelve months, and Plaintiff was incarcerated from May 28, 2010 (the date he was arrested by some of the Defendants) until May 28, 2011. Plaintiff alleges that Defendants caused him "to return to prison as well as loose (sic) his residence and all his possessions." Dkt. #1.

Defendants argue that because Plaintiff has not alleged that the underlying parole revocation decision was overturned, he has not satisfied the "favorable termination" rule, and his Complaint must be dismissed. I agree.

While it is true that the criminal charges that were lodged against Plaintiff were dismissed, that does not save his action. Rather, the injuries he has alleged are the result of his 12 months of incarceration, which were the result of his parole being revoked by ALJ Cummins. There is no allegation that Plaintiff even sought to overturn the ALJ's revocation decision, and in his response to the Motion to Dismiss, Plaintiff admits this fact. *See* Dkt. #7. ("Plaintiff never

3

claimed or gave reason to believe there was proof of a sentence or conviction has (sic) been reversed on direct appeal, expunged by executive order or declared invalid.")

Instead, he argues that the original arrest somehow tainted his later parole revocation, and that anything that happened after his arrest is "fruit of the poisonous tree and therefore valid (sic) by virtue of inadmissibility." Dkt. #7. Unfortunately for Plaintiff, these claims directly attack the validity of his parole revocation, and because he has not demonstrated that his parole revocation was overturned, his claims are precluded by *Heck*, and the Complaint must be dismissed.

## CONCLUSION

Defendants' Motion to Dismiss the Complaint (Dkt. #4) is GRANTED and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

DATED:   March 17, 2014
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge